IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

RS

DEC 0 8 2005

Michael N. Milby, Clerk

| | | |
|---|---|---|
| RICKY RAYMOND, DONALD EUBANKS, VIRGINIA LARA and ET. AL. | § § § | |
| *Plaintiffs* | § § | CIVIL ACTION NO. |
| VS. | § § | _____ |
| UNIVERSITY OF HOUSTON | § § | |
| *Defendant* | § § § | **H-05-4149** |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR
INJUNCTIVE AND DECLARATORY RELIEF**

**A. PRELIMINARY STATEMENT**

This is an action for declaratory and injunctive relief brought by former students at the

University of Houston, on behalf of themselves and a class of similarly situated former students,

challenging discriminatory practices (race discrimination, sex discrimination, national origin

discrimination and disability discrimination) and policies in the Graduate School of Social Work

Doctoral Program of the University of Houston. The actions by the University of Houston are in

violation of the Equal Protection Clause of the Fourteenth Amendment of the United States

Constitution, Title VI, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, 42

U.S.C. § 1983 and a Denial of Substantive Due Process. The Equal Protection Clause prohibits

invidious race discrimination, disability discrimination under color of state law. The Statute 42

U.S.C. § 1983 protects against violations of rights secured by the Constitution or laws of the

United States and the deprivation and/or deliberate indifference on the part of the state actors or

person acting under color of state law. Title VI and Title IX prohibits sex discrimination in any

education program or activity receiving federal financial assistance. This action seeks a declaratory judgment that defendants have violated plaintiffs' rights under the Equal Protection Clause, and Title IX and an injunction requiring defendants to cease, and take remedial action to correct, their sex-discriminatory, race-discriminatory, and disability-discriminatory practices in the Graduate School of Social Work Doctoral Program which have injured plaintiffs in violation of the law.

### B. PARTIES

1. Plaintiff Ricky Raymond is a former student of the University of Houston, citizen of the United States, and a resident of Houston, Harris County, Texas.

2. Plaintiff Donald Eubanks is a former student of the University of Houston, citizen of the United States, and a resident of Fresno, Fort-Bend County, Texas.

3. Plaintiff Virginia Lara is a former student of the University of Houston, citizen of the United States, and a resident of Houston, Harris County, Texas.

4. Defendant is the University of Houston and the officers and administrators of the University responsible for the conduct of the University of Houston Graduate School of Social Work Doctoral Program.

5. Defendant, the University of Houston is an instrumentality of the State of Texas that serves as an integral part of the State of Texas System of Higher Education. By statute, the University of Houston is a state-related institution of higher education in the State of Texas System of Higher Education and has a symbiotic relationship with the State of Texas. Its main campus in Houston Texas and principal office is located at 212 E. Cullen Houston, Texas 77204-2018. The Graduate School of Social Work Doctoral Program, policies and practices for the University of Houston are established and implemented at

2

its' main campus. Since the passage of Title IX and Title VI, the University of Houston has received and continues to receive and benefit from federal financial assistance, including assistance provided through student financial aid. Therefore, the award of Graduate Degrees, scholarships and financial assistance are subject to the requirements of Title IX and Title VI. The University of Houston has filed an assurance with the Department of Education, the federal agency responsible for enforcing Title IX against schools that it is complying with the requirements of Title IX and Title VI.

6. The named plaintiffs bring this action on their own behalf and, pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, on behalf of all current women, black, Hispanic and disabled students in the Graduate School of Social Work Doctoral Program at the University of Houston who are participating, or who have been deterred from participating, in the University of Houston Graduate School of Social Work Doctoral Program because of sex discrimination, racial discrimination, national origin and disability discrimination in the University of Houston Graduate School of Social Work Doctoral Program.

7. The class is so numerous that joinder of all members is impracticable as there are currently more than 360 women, blacks, Hispanic and disabled who participate in the University of Houston Graduate School of Social Work Doctoral Program each year.

8. There are questions of law and fact common to the classes. Whether defendants are discriminating on the basis of sex, race, national origin and disability in the University of Houston Graduate School of Social Work Doctoral Program in violation of Title IX, and the Equal Protection Clause, the basic legal questions raised by this action, and facts concerning defendants' programs, policies and practices in the area of the Graduate

3

School of Social Work Doctoral Program for women, blacks, national origin and the disabled as compared to men, Caucasians, and non-disabled, are questions common to all members of the classes.

9. The claims of the named plaintiffs are typical of the claims of the classes, the types of sex discrimination, race discrimination, national origin and disability discrimination plaintiffs have suffered as a result of their participation in the Graduate School of Social Work Doctoral Program at the University of Houston are typical of and amply illustrate the sex discrimination, race discrimination, national origin and disability discrimination which has been, is, or may be, suffered by members of the classes.

10. The named plaintiffs will fairly and adequately protect the interests of the class.

11. Plaintiffs intend to prosecute this action vigorously in order to secure remedies for all of the members of the classes described.

12. The defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief and declaratory relief with respect to the class as a whole.

13. Plaintiffs have standing under 29 U.S.C. Section 794 because they are the intended beneficiaries and participants in a federally funded program. Section 504(a) of the Rehabilitation Act of 1973 29 U.S.C. Section 794(a) prohibits discrimination under any program or activity conducted by any federal agency. Section 505(a)(2) of the Rehabilitation Act extends the remedies set forth in Title VI of the Civil Rights Act of 1964 42 U.S.C. section 2000(d) et seq. to violations of Section 504 and Section 505(b) 29 U.S.C. 794a(b) 1983 allows attorneys fees.

## C. JURISDICTION and VENUE

14. This court has jurisdiction over all statutory and constitutional claims under 28 U.S.C. §§

    1331 and 1343, 20 U.S.C. § 1415(e), and 28 U.S.C. §§ 2201, 2202.

    Jurisdiction is conferred on this Court by 20 U.S.C. § 1681, 28 U.S.C. § 1331(a), and 28

    U.S.C. §§ 1343(3) and 1343(4).

    Jurisdiction for declaratory and other relief is invoked pursuant to 28 U.S.C. §§ 2201 and

    2202.

    Title VI of Civil Rights act of 1964 (42 U.S.C. § 2000(d), 29 U.S.C. § 794 § 504(a) of the

    Rehabilitation Act of 1973 § 505(b) of the Rehabilitation Act 29 U.S.C. 504(a)(b). 42

    U.S.C. 1983.

    Title IX of Education Amendments of 1972 (20 U.S.C. §§ 1681 et. seq.)

    The unlawful practices alleged below were and are being committed within

    the Southern District of the State of Texas.

## D. FACTS

15. The University of Houston System is the State of Texas's only metropolitan higher

    education system, encompassing four universities and two multi-institution teaching

    centers.  The universities include the University of Houston ("the main campus"); the

    University of Houston-Downtown; the University of Houston-Clear Lake and the

    University of Houston-Victoria.

16. The University of Houston Graduate School of Social Work hereafter referred to as

    ("GSSW"), established by the Texas Legislature in 1967, provides masters and doctoral

    level education for the practice of professional social work.  The mission of the Graduate

    School of Social Work Doctoral Program is to advance social, economic and political

    justice and to advance knowledge for competent, ethical practice and leadership with

5

diverse populations. The "GSSW" began in 1993. The Program presently has over 40 students in various stages of doctoral education. Students may pursue study on a full-time or part-time basis. As set forth in the Doctoral Student Handbook, a full-time doctoral student takes 9-10 credit hours per semester. On a full-time basis, the coursework is designed to be completed in two academic years. Part-time doctoral students take 6-7 credit hours per semester. Coursework is designed to be completed in three academic years. Students who enroll as doctoral candidates in the "GSSW" must complete their degree requirement within ten (10) years of the date of first enrollment with a doctoral degree objective. Upon completing all the necessary course and elective requirements with a B (3.0) or better average, the student is required to pass a written comprehensive examination consisting of four separate parts (the "comprehensive examination").

17. The comprehensive examination is designed to demonstrate a student's competence in the application and synthesis of the theory and knowledge base in the field of social work, and serves as a basis for determining a student's readiness to submit a dissertation proposal. Thus, students are expected to give evidence of mastery over the broad body of knowledge that constitutes the profession of social work. Because the comprehensive examination is developed to evaluate a mastery of the field of social work rather than knowledge of individual course content, students should expect some difference between the level of performance expected in classes and that expected on the comprehensive examination. Hence, comprehensive examination questions may go beyond course content. The examination also serves as a basis for determining the student's readiness to submit a dissertation proposal. Students must pass all parts of the examination with a

grade of (80) points or higher.  GSSW faculty grades the comprehensive examination.

Only one retake on each section of the comprehensive examination is permitted.  A

second failure on any section of the comprehensive examination will result in dismissal

from the Doctoral Program.  The University of Houston – Graduate School of Social

Work has no mechanism in place that allows a student who is dismissed from the

Doctoral Program the opportunity to be reinstated to the Program.

18. The staff of the Center for Students with Disabilities ("CSD") implements the University

of Houston's policies on the treatment of students with disabilities.  The CSD office

provide academic support services to University of Houston students who have any type

of health impairment, learning disability, psychiatric disorder or physical handicap.  CSD

staff members assist students in developing independence and self-reliance so they can

function competitively with others in both the college setting and the campus community.

The director of CSD is responsible for acting as a liaison between students and faculty,

administrators and outside agencies.  In addition, the director serves as an advocate for

students' legal rights to receive equal educational opportunities (through the provision of

reasonable and necessary accommodations).

19. Plaintiffs Ricky Raymond and Virginia Lara were dismissed December 2003.  Plaintiff

Donald Eubanks' was constructively dismissed in May 2004.  Plaintiffs Ricky Raymond

and Virginia Lara filed complaint of discrimination with United States Department of

Education-Office for Civil Rights in May 2004 and Plaintiff Donald Eubanks filed in

June 2004.  Plaintiffs received no relief through this process.  Because there is no

mechanism in place that provides for the plaintiff's grievances to be fairly addressed in

accordance with their constitutional rights all other options other than court action are

foreclosed.

## E.  COUNT 1 DISPARATE TREATMENT UNDER TITLE VI AND TITLE IX

20. Defendant intentionally discriminated against plaintiffs in violation of their rights

dismissing them from its "GSSW" because of their race (Black), sex (Female), national

origin (Hispanic) and disability; treating them differently than white, non-disabled

students, and by not providing them the same opportunities for reinstatement as provided

to white, male, non-Hispanic, non-disabled students.

(a) Defendant failed to provide reasonable and necessary accommodations to plaintiffs

during the administration of the Comprehensive Examination.

(b) Defendant failed to provide reasonable and necessary accommodations to students

with disabilities based on their particular disabilities and corresponding needs.

(c) Defendant treated plaintiffs differently on the basis of national origin or disability by

dismissing them from the program and not providing them with the same

opportunities for reinstatement as were provided to Caucasian, non-disabled students.

## F.  COUNT 2 DISPARATE IMPACT UNDER TITLE VI AND TITLE IX

21. Defendant University of Houston intentionally discriminated against the plaintiffs and the

class they represent in violation of Title VI and Title IX by dismissing them from its

"GSSW" and requiring them as a term or condition of reinstatement to pass a

standardized comprehensive examination test which has a disparate impact on the class

they represent race (Black), sex (Female), national origin (Hispanic) and disability.

(d) Defendant graded comprehensive examinations on the basis of race, sex, national

origin and disability.

(e) Defendant failed to investigate and intervene on behalf of minority students and

students with disabilities when these students had grievances of discrimination on the

8

part of faculty or administrators.

(f)  Defendant failed to graduate minority students and males at a rate similar to that of white females.

## G.  COUNT 3 REQUEST FOR PRELIMINARY INJUNCTION

25.  This is an action for injunctive relief in connection with the deprivation, under the color of state law, of plaintiff's rights as guaranteed by the laws, particularly Title 20, United States Code, Section 1681 and Title 42, United States Code, Section 1983, and the Constitution of the United States, particularly the Fourteenth Amendment of the Constitution.  This court has jurisdiction of this action under Title 28, United States Code § 1343.  This action is brought pursuant to Title 42, United States Code § 1983.  This cause of action is under 42 U.S.C. § 1983 to Request for Declaratory and Injunctive Relief and Compensatory Damages.

26.  Plaintiff will suffer irreparable harm if defendant is not enjoined during the pendency of this lawsuit from reinstating plaintiffs into the University of Houston "GSSW".  Plaintiffs state a claim under 42 U.S.C. § 1983. Plaintiff alleges defendant failed to provide reasonable and necessary accommodations to plaintiffs during the administration of the Comprehensive Examination.  Defendant failed to provide reasonable and necessary accommodations to students with disabilities based on their particular disabilities and corresponding needs. Defendant treated plaintiffs differently on the basis of national origin or disability by dismissing them from the program and not providing them with the same opportunities for reinstatement as were provided to Caucasian, non-disabled students.  Sampson v. Murry, 415 U.S. 61, 88-90, 94 S. Ct. 937, 951-53 (1974); Hoechst Diafoil Co. v. Nan Ya Plastics Corp., 174 F.3d 411, 417 (4th Cir. 1999)}

9

27. There is a substantial likelihood that plaintiff will prevail on the merits because plaintiffs state a claim for violation of rights secured by the constitution and laws of the United States under 42 U.S.C. § 1983 and substantive due process clause. {Doran v. Salem Inn, Inc., 422 U.S. 922, 931, 95 S.Ct. 2561, 2568 (1975); U.S. v. Microsoft Corp., 147 F.3d 935, 943 (D.C. Cir. 1998); DSC Comm. Corp. v. DGI Tech., Inc., 81 F.3d 597, 600 (5th Cir. 1996)}

28. The harm faced by plaintiff outweighs the harm that would be sustained by the defendant if the preliminary injunction were granted. They have standing under 29 U.S.C. § 794 because they are the intended beneficiaries and participants in a federally funded program. Section 504(a) of the Rehabilitation Act of 1973 29 U.S.C. Section 794(a) prohibits discrimination under any program or activity conducted by any federal agency. Section 505(a)(2) of the Rehabilitation Act extends the remedies set forth in Title VI of the Civil Rights Act of 1964 42 U.S.C. section 2000(d) et seq. to violations of Section 504 and Section 505(b) 29 U.S.C. 794a(b) allows attorneys fees. {Yakus v. U.S., 321 U.S. 414, 440, 64 S.Ct. 660, 675 (1944); Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995)}

29. Issuance of a preliminary injunction would not adversely affect public interest and public policy because plaintiffs have standing to bring this action against defendant and request injunctive relief. {Davidoff & CIE, S.A. v. PLD Int'l Corp., 263 F.3d 1297, 1304 (11th Cir. 2001); Hoechst Diafol, 174 F.3d at 417)}

30. Plaintiff is willing to post a bond in the amount the court deems appropriate/continue the bond set by the court for the temporary restraining order.

31. Plaintiff asks the court to set its application for preliminary injunction for hearing at the earliest possible time and, after hearing the request, issue a preliminary injunction against defendant.

### H.  COUNT 4 REQUEST FOR PERMANENT INJUNCTION

32. Plaintiff asks the court to set its application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against defendant.

### I.  PRAYER FOR RELIEF

For these reasons, Plaintiffs asks that the court do the following:

A. Issue a temporary restraining order against the defendant restraining defendant from denying plaintiffs Ricky Raymond, Donald Eubanks, and Virginia Lara, reinstatement to the University of Houston Graduate School of Social Work Ph.D. Program.

B. Issue a preliminary and permanent injunction, enjoining defendant from denying plaintiffs Ricky Raymond, Donald Eubanks, and Virginia Lara, reinstatement to the University of Houston Graduate School of Social Work Ph.D. Program.

C. Issue a declaratory judgment that defendant's action violates plaintiffs' constitutional and federal statutory rights.

D. Awards plaintiffs Ricky Raymond, Donald Eubanks, and Virginia Lara in the sum of $475,000.00 compensation against the defendant jointly and severally for deprivation of plaintiffs' rights in an amount provable at trial.

E. Award plaintiffs reasonable attorney fees.

F. Enter judgment for plaintiffs.

G. Grant any and all other relief the Court deems appropriate.

Respectfully Submitted

Lionel Mills
S.B.N. # 14160000
4111 Charleston
Houston, Texas 77021
(713) 741-0860
(713) 741-3505 Fax
Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

### HOUSTON DIVISION

| | | |
|---|---|---|
| **RICKY RAYMOND, DONALD EUBANKS,** | § | |
| **VIRGINIA LARA and ET. AL.** | § | |
| | § | |
| *Plaintiffs* | § | CIVIL ACTION NO. |
| | § | |
| **VS.** | § | _____ |
| | § | |
| **UNIVERSITY OF HOUSTON** | § | |
| | § | **H-05-4149** |
| *Defendant* | § | |
| | § | |
| | § | |
| **STATE OF TEXAS** | § | |
| **COUNTY OF HARRIS** | § | |

### AFFIDAVIT OF RICKY RAYMOND

On this day, Ricky Raymond appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said:

1. "My name is Ricky Ramond. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. The facts stated in the documents filed with the court are true and correct.



J E RUCKER III
Notary Public
State of Texas
My Commission Expires
November 2, 2006

Ricky Raymond

SWORN TO AND SUBSCRIBED BEFORE ME by Ricky Raymond, on this _3rd_ day of _December_, 2005, to certify which, witness my hand and Seal of office.

Notary Public in and for _HARRIS_

County, Texas

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

### HOUSTON DIVISION

| | | |
|---|---|---|
| **RICKY RAYMOND, DONALD EUBANKS,** | § | |
| **VIRGINIA LARA and ET. AL.** | § | |
| | § | |
| *Plaintiffs* | § | CIVIL ACTION NO. |
| | § | |
| **VS.** | § | _____ |
| | § | |
| **UNIVERSITY OF HOUSTON** | § | |
| | § | |
| *Defendant* | § | **H-05-4149** |
| | § | |
| | § | |
| **STATE OF TEXAS** | § | |
| **COUNTY OF HARRIS** | § | |

### AFFIDAVIT OF DONALD EUBANKS

On this day, Donald Eubanks appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said:

1. "My name is Donald Eubanks. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. The facts stated in the documents filed with the court are true and correct.



Donald Eubanks

SWORN TO AND SUBSCRIBED BEFORE ME by Donald Eubanks, on this _05th_ day of _December_, 2005, to certify which, witness my hand and Seal of office.

Notary Public in and for _HARRIS_

County, Texas

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | |
|---|---|
| **RICKY RAYMOND, DONALD EUBANKS,** §<br>**VIRGINIA LARA and ET. AL.** § | |
| §<br>*Plaintiffs* § | CIVIL ACTION NO. |
| § | |
| **VS.** § | _____ |
| § | |
| **UNIVERSITY OF HOUSTON** § | |
| § | **H-05-4149** |
| *Defendant* § | |
| § | |
| § | |
| **STATE OF TEXAS** § | |
| **COUNTY OF HARRIS** § | |

## AFFIDAVIT OF VIRGINIA LARA

On this day, Virginia Lara appeared before me, the undersigned notary public. After I administered an oath to him, upon his oath, he said:

1. "My name is Virginia Lara. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. The facts stated in the documents filed with the court are true and correct.



J E RUCKER III
Notary Public
State of Te~
My Commissio~ ~xpires
November ~, 2006

_____
Virginia Lara

SWORN TO AND SUBSCRIBED BEFORE ME by Virginia Lara, on this _5th_ day of _December_, 2005, to certify which, witness my hand and Seal of office.

_____

Notary Public in and for HARRIS

County, Texas

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

H-05-4149

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RICKY RAYMOND, DONALD EUBANKS, VIRGINIA LARA ET AL

**DEFENDANTS** THE UNIVERSITY OF HOUSTON

**(b)** County of Residence of First Listed Plaintiff  HARRIS
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  HARRIS
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

United States Courts
Southern District of Texas
FILED

DEC 0 8 2005

Michael N. Milby, Clerk

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LIONEL MILLS 4111 CHARLESTON   HITEX

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury |  | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General |  | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other |  |  | Under Equal Access |
|  | Employment | ☐ 550 Civil Rights |  |  | to Justice |
|  | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition |  |  | ☐ 950 Constitutionality of |
|  | Other |  |  |  | State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC § 1983  TITLE VI TITLE IX 8TH FOR AMEND 1920
Brief description of cause:
DISCRIMINATION, VIOLATION OF CONSTITUTIONAL RIGHTS

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE  12-8-05

SIGNATURE OF ATTORNEY OF RECORD  Lionel Mills

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE