UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
JAN 0 4 2006
MICHAEL N. MILBY, CLERK OF COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **RICKY RAYMOND, et al.,** | § | |
| ***Plaintiffs,*** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. H-05-4149** |
| | § | |
| **UNIVERSITY OF HOUSTON** | § | |
| ***Defendant.*** | § | |

**DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant University of Houston by and through its attorneys of record, Greg Abbott, Attorney General of Texas, and James "Beau" Eccles, Assistant Attorney General, and file this Original Answer and Affirmative Defenses, and would show this Court the following:

## I.
## ORIGINAL ANSWER

Pursuant to FED. R. CIV. P. 8(b), Defendant denies each and every allegation contained in Plaintiffs' Original Complaint for Injunctive and Declaratory Relief ("Plaintiffs' Original Complaint") except for those expressly admitted herein. The numbered paragraphs and titles below correspond to the paragraphs within Plaintiffs' Original Complaint.

### A. PRELIMINARY STATEMENT

Defendant vehemently denies any discrimination and/or discriminatory practices. Defendant also denies that Plaintiffs have any cause of action under the United States Constitution or any federal statute. Defendant further denies that there is any cognizable class of similarly situated former students and denies the remaining allegations in this paragraph.

**B. PARTIES**

1. Defendant admits that Ricky Raymond is a former student of Defendant. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and, therefore, denies same.

2. Defendant admits that Donald Eubanks was previously enrolled as a student of Defendant. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and, therefore, denies same.

3. Defendant admits that Virginia Lara was previously enrolled as a student of Defendant. Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and, therefore, denies same.

4. Defendant admits that the Graduate College of Social Work (previously called the Graduate School of Social Work), offers a doctoral program and is a college within the University of Houston. Defendant denies the remaining allegations in this paragraph.

5. Defendant admits that it is a state entity and part of the public system of higher education in Texas, by statute. Defendant admits that its main campus is located in Houston, Texas, and the Office of the President is located in 212 E. Cullen Building, Houston, Texas, 77204. Defendant admits that the Graduate College of Social Work ("GCSW") is located on the main campus, and most policies and practices are established and implemented on the main campus. Defendant also admits it receives federal financial assistance, including assistance provided through student financial aid. Defendant further admits that it is subject to certain requirements under Title IX and Title VI and has filed the required compliance assurances. Defendant denies the remaining allegations in this paragraph.

6. Deny.

7. Deny.

8. Deny.

9. Deny.

10. Deny.

11. Defendant denies that Plaintiffs have any viable causes of action; therefore, neither Plaintiffs nor any alleged class are entitled to any remedies.

12. Deny.

13. Defendant denies the allegations contained in the first sentence of paragraph 13 and neither admits nor denies the remaining legal arguments in the paragraph.

## C. JURISDICTION AND VENUE

14. Defendant admits that this court has jurisdiction over federal statutory and constitutional claims. Defendant denies that Plaintiffs have any cause of action under the statutes or the constitutional provisions identified and denies that Plaintiffs are entitled to any relief. Defendant further denies that it engaged in any unlawful practices.

## D. FACTS

15. Admit.

16. Defendant admits the allegations contained in the first two sentences of this paragraph. Defendant admits the GCSW doctoral program began in 1993 but denies the GCSW itself began in 1993. Because the Spring semester has not begun, Defendant is without knowledge or information sufficient to form a belief about the truth of the allegation that the doctoral program presently has over 40 students in various stages of doctoral education, and, therefore, denies same. Defendant admits the remaining allegations in this paragraph.

17. Defendant admits the allegations contained in the first six sentences of this paragraph. Defendant admits that each comprehensive examination is graded by two GCSW faculty. Defendant admits the allegations contained in the eighth and ninth sentences of this paragraph. Defendant denies the allegations contained in the last sentence of this paragraph.

18. Defendant admits that the staff of the Center for Students with Disabilities assists students in accordance with Defendant's policies related to student disabilities and academic accommodations. Defendant admits the allegations contained in the second and third sentences of this paragraph. Defendant admits that the director of CSD, among other CSD staff, at times serves as a liaison between students and faculty, administrators and outside agencies. Defendant denies the remaining allegations contained in this paragraph.

19. Defendant admits that Ricky Raymond and Virginia Lara were notified of their dismissal from the GCSW doctoral program in December 2003. Defendant denies the allegations contained in the second sentence of this paragraph. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the fourth sentence in this paragraph, and, therefore, denies same. Defendant admits that Plaintiffs Raymond and Lara received no relief as a result of filing complaints of discrimination with the OCR because they were not entitled to any relief. Defendant denies the allegations contained in the last sentence of this paragraph. Defendant denies the remaining allegations contained in this paragraph.

## E. COUNT 1 DISPARATE TREATMENT UNDER TITLE VI AND TITLE IX

20. Deny.

20(a). Deny.

20(b). Deny.

20( c). Deny.

**F. COUNT 2 DISPARATE IMPACT UNDER TITLE VI AND TITLE IX**

21. Deny.

21(d). Deny.

21(e). Deny.

21(f). Deny.

[Note: Plaintiffs' Original Complaint omitted paragraph nos. 22 through 24]

**G. COUNT 3 REQUEST FOR PRELIMINARY INJUNCTION**

25. Deny.

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Defendant is without knowledge or information sufficient to form a belief about what Plaintiffs are willing to do, and, therefore, denies same.

31. Deny that there is any basis for a preliminary injunction to be lawfully issued.

**H. COUNT 4 REQUEST FOR PERMANENT INJUNCTION**

32. Deny that there is any basis for a permanent injunction to be lawfully issued.

**I. PRAYER FOR RELIEF**

Defendant denies that Plaintiffs are entitled to any of the relief they seek.

## II.
## AFFIRMATIVE DEFENSES

1. Defendant is entitled to Eleventh Amendment immunity for any causes of action where such immunity has not expressly been waived.

2. Plaintiffs have failed to state claims upon which relief can be granted.

3. Plaintiffs have failed to mitigate their damages.

4. All educational decisions made with regard to Plaintiffs were based on non-discriminatory reasons.

5. All actions taken with respect to Plaintiffs were made in good faith and in furtherance of legitimate university interests and purposes.

6. Plaintiffs present claims or actions that are barred by applicable statutes of limitation.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

JEFF L. ROSE
Chief, General Litigation Division

JAMES "BEAU" ECCLES
Attorney-in-Charge
Texas Bar No. 00793668
Southern District No. 310917
Assistant Attorney General
Texas Attorney General's Office
General Litigation Division
P.O. Box 12548, Capital Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

**CERTIFICATE OF SERVICE**

I certify that a copy of the above Defendant's Original Answer and Affirmative Defenses was served via certified mail, return receipt requested on this 4th day of January, 2006, upon the following:

Lionel Mills
4111 Charleston
Houston, Texas 77021

*Attorney for Plaintiffs*

**JAMES "BEAU" ECCLES**
Assistant Attorney General