IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN  DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICKY RAYMOND, DONALD | § | |
| EUBANKS, VIRGINIA LARA and | § | |
| ET AL. | § | |
|      Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-4149 |
| | § | |
| UNIVERSITY OF HOUSTON, | § | |
|      Defendant. | § | |

## DEFENDANT'S MOTION FOR INVOLUNTARY DISMISSAL

NOW COMES Defendant University of Houston by and through its attorneys of record, Greg Abbott, Attorney General of Texas, and James "Beau" Eccles, Assistant Attorney General, and files this Motion for Involuntary Dismissal pursuant to Fed. R. Civ. P. 41(b), and would show this Court the following:

### A.  Introduction

1.     Plaintiffs are Ricky Raymond, Donald Eubanks and Virginia Lara; Defendant is University of Houston (UH).

2.     Plaintiffs, former students of the University of Houston sued Defendant challenging alleged discriminatory practices regarding race, sex, national origin and disability discrimination.  Plaintiffs claim disparate treatment and disparate impact under Title VI and Title IX.  On December 15, 2005, Plaintiffs' Temporary Restraining Order was denied without hearing.

3.     The court should dismiss Plaintiffs' suit because they have not been diligent in prosecuting the suit and have utterly failed to engage in, or respond to, discovery.

### B. Argument

4.     The court may dismiss Plaintiffs' suit for want of prosecution or failure to comply with the

Federal Rules or orders of the Court.  Fed. R. Civ. P. 41(b).

5.      The court should dismiss Plaintiff's suit because Plaintiffs have not been diligent in prosecuting their case.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  Specifically, Plaintiffs' suit should be dismissed for the following reasons:

6.      On March 16, 2006, Defendant served its initial disclosures to counsel for Plaintiffs by certified mail.  After several delivery attempts, the package was returned  marked "unclaimed."

7.      On May 5, 2006, Defendant supplemented initial disclosures and also re-sent its first initial disclosure documents to Plaintiffs, including a letter to counsel requesting that he pick up his certified mail.  Plaintiffs' counsel did receive the supplemental disclosures on May 6, 2006.  (Exhibit 1)

8.      On August 8, 2006, Defendant propounded interrogatories and requests for production to Plaintiffs and served those by certified mail.  After many weeks, that envelope was returned to undersigned counsel's office marked "unclaimed."  The mailer showed three notifications to counsel's address, and then its return to Defendant's office due to failure to accept it. (Exhibit 2)

9.      On September 11, 2006, undersigned counsel wrote another letter to Plaintiffs' counsel, Lionel Mills, stating that Defendants had received yet another unclaimed package from counsel's office.  (Exhibit 3).  Undersigned counsel attempted to fax this letter to Plaintiffs' counsel, but no fax machine picked up at the other end.  (*Id*.)

10.      Due to the failure of Plaintiffs' counsel to respond to or accept discovery, on September 15, 2006, Defendants moved this Court to extend the docket control order.  (Docket #12).  The Motion described the lack of disclosures by Plaintiffs as well as the failure of Plaintiffs' counsel to adhere to the Federal Rules regarding the mailing and receipt of documents between parties.  A voice mail

message was left for Plaintiffs' counsel regarding the urgent nature of the need for him to respond and discuss discovery in this case. No response from his office was ever made to this inquiry, nor was a response made by Plaintiffs' counsel to this Motion.

10.     Again on October 26, 2006, Defendants attempted to serve Plaintiffs' counsel with the discovery originally sent in August. Plaintiffs' counsel's fax and phone line had been disconnected, and the three attempts by United Parcel Service to deliver the package to Mr. Mills' business address during business hours (on October 27th and 30th, and November 7th) were unsuccessful. (Exhibit 4).

11.     Defendant has made diligent efforts to defend and discover this case by calling, mailing, and attempting to fax and even overnighting documents and discovery, but counsel for Plaintiffs has either purposefully failed to accept or respond to them, or has abandoned his official contact address, telephone and fax numbers that are on file with the Court in this case. On the day this Motion is being filed, the undersigned counsel personally called the phone and fax numbers for Lionel Mills as shown in his letterhead, and the clerk's records and signature block in this case, and these numbers have been disconnected.

12.     Defendants are now in the position of having received no disclosures or responses to discovery in this case, nor any ability to contact Plaintiffs' counsel, while facing a November 29, 2006, dispositive motions deadline. There has been an unreasonable delay in the prosecution of Plaintiff's case, and Defendant has been prejudiced by the absolute inability to contact counsel for Plaintiffs.[1]

---

[1] As a peculiar aside, the Court's minutes of the Docket Control Hearing of March 17, 2006, reflect that, in Lionel Mills' stead, Plaintiffs were represented by a "Mario Boykin." The undersigned counsel recently searched the website of the State Bar of Texas while attempting to find an alternate means of contacting a legal representative of the Plaintiffs, and did not find a licensed Texas attorney who uses this name.

*RAYMOND:* Defendant's Motion for Involuntary Dismissal                3

13.     On November 15, 2006, at 1:30 p.m., the office of the undersigned counsel was contacted by Patrisha Kinchen, a Texas attorney admitted to practice in the Southern District, who stated that she had been contacted by Mr. Mills and had received the file on the case that day, and was considering whether she would join the case and substitute as lead counsel.  Ms. Kinchen was informed by undersigned counsel that this Motion was about to be filed, and that the conversation would be noted as part of the motion for the Court's information.

## C.  Conclusion

For Plaintiffs' counsel's ongoing unavailability and refusal to engage in discovery or other prosecution of this suit, Defendant prays this Court dismiss Plaintiffs' suit with prejudice.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division


/s/ James "Beau" Eccles
JAMES "BEAU" ECCLES
Attorney-in-Charge
Texas Bar No. 00793668
Southern District No.  310917
Attorney-in-Charge
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station

Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

ATTORNEYS FOR DEFENDANT


**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing instrument has been sent by regular first

class mail and U.S. Certified Mail, Return Receipt Requested, on the 15th day of November, 2006

to:

Lionel Mills
4111 Charleston
Houston, Texas  77021
*Attorney for Plaintiffs*

A courtesy copy is also being sent by fax to Patrisha Kinchen at (713) 524-4038.


/s/ James "Beau" Eccles
JAMES "BEAU" ECCLES
Assistant Attorney General