IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICKY RAYMOND, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. H-05-4149 |
| | § | |
| UNIVERSITY OF HOUSTON, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF DISMISSAL AND FINAL JUDGMENT

Pending before the Court[1] is Defendant's Motion for Involuntary Dismissal (Docket Entry No. 14) and the response filed thereto. For the reasons stated below, Defendant's motion is **GRANTED**.

### I.  Case Background

This action was filed on December 8, 2005, by Ricky Raymond, Donald Eubanks and Virginia Lara, seeking redress under 42 U.S.C. § 1983, as well as Titles VI and IX of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and the Rehabilitation Act of 1973, 29 U.S.C. § 794, for their respective dismissals from the University of Houston Graduate School of Social Work's doctoral program. Plaintiffs seek an injunction requiring their readmittance to the graduate program and monetary damages.

The court denied their request for a temporary restraining

---

[1]    The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  See Docket Entry Nos. 21, 23, and 24.

order on December 15, 2005,[2] and, on March 17, 2006, entered a
scheduling order setting deadlines governing the case.[3] Discovery
was to be completed by December 15, 2006.

On September 15, 2006, Defendant moved for a continuance of
all deadlines.[4] In support, Defendant related that its attempts at
discovery and communication with Plaintiffs' counsel had been
unsuccessful. Specifically, Defendant stated that, in March 2006,
its initial disclosures sent to Plaintiffs' counsel were returned
"unclaimed," and, in August 2006, Defendant's attempt to serve
interrogatories and requests for production were returned
"unclaimed" after three attempted deliveries. In addition,
Defendant's counsel was unable to fax materials to Plaintiffs'
counsel as his fax machine was not operative, and defense counsel's
attempts to communicate with Plaintiffs' counsel by mail went
unanswered. The court extended all deadlines by two months.[5]

On November 15, 2006, Defendant filed the pending Motion for
Involuntary Dismissal, arguing that, in addition to the inaction of
Plaintiffs' counsel outlined in its earlier motion for extension of
discovery deadlines and despite numerous attempts to contact
Plaintiffs' counsel by mail and voice mail, Plaintiffs' counsel had

---

[2]     Docket Entry No. 6.

[3]     Docket Entry No. 11.

[4]     Docket Entry No. 12.

[5]     Docket Entry No. 13.

still not contacted Defendant's counsel in the two months following
the extension of deadlines.   Defendant's counsel also stated that
he resent the discovery by United Parcel Service in October 2006
but that delivery was unsuccessful on three occasions during normal
business hours, October 27, October 30, and November 7, 2006.
Plaintiffs' counsel's fax and telephone lines had been
disconnected.[6]

On November 27, 2006, Plaintiffs filed a response to the
motion, arguing that their lack of response to the discovery should
be excused because they were still awaiting a response to their
March 2006 offer to settle the lawsuit.   That offer of settlement
proposed significant admissions of fault by Defendant, that each
Plaintiff be immediately conferred a doctoral degree in social
work, that all negative material be removed from their academic
records and that each be given $300,000 in cash.[7]   The proposal
also granted Plaintiffs the option of submitting a dissertation
within six years in a form of their choice.   Plaintiffs' counsel
was to be paid $183,000 in attorney's fees.   The proposed
settlement agreement also called for extensive revamping of the
graduate degree programs in social work in the areas of admission,
qualifying and comprehensive examinations, grading policies and

---

[6]    The court notes that Plaintiff's counsel's telephone was still
disconnected in December 2005 and January 2006 when it attempted to contact him
regarding these hearings.

[7]    See Docket Entry No. 16.

3

student mentoring, and continuing court jurisdiction over the social work graduate degree programs.

Defendant's reply to its motion to dismiss acknowledged it had not responded to the settlement demand because it considered the offer "outrageous" and instead, had sent Plaintiffs the discovery requests that were still unanswered.

On December 12, 2006, the court set a status conference on the motion for December 27, 2006, and ordered the Plaintiffs themselves to appear along with their attorney of record.[8]   In response, Plaintiffs moved to continue the status conference on the ground that their attorney was unavailable due to illness.[9]  On December 26, 2005, the court reset the status conference to January 10, 2007.[10]  Several days later, on December 29, 2006, Plaintiffs filed an opposed motion to stay the proceedings, for an extension of all deadlines, and for Plaintiffs' counsel to withdraw due to his ill health.[11]

At the hearing, the court discussed with Plaintiffs their responsibility to pursue this case.  The court explained that Plaintiffs' reliance on an extreme settlement offer that remained unanswered by Defendant did not excuse them from responding to

---

[8]     Docket Entry No. 19.

[9]     Docket Entry No. 20.

[10]     Docket Entry No. 22.

[11]     Docket Entry No. 25.

discovery requests or ignoring court-ordered deadlines.  The court expressly warned Plaintiffs that the lawsuit would be dismissed if they did not take the necessary actions to pursue their claims.

The court ordered Plaintiffs to provide Defendant with their voluntary disclosures, responses to interrogatories, and responses to requests for production by January 25, 2007.  Upon the representation of Plaintiffs that they would "aggressively pursue another attorney because they have a lot at stake," the court allowed Plaintiffs sixty days to have an attorney substitute for their current counsel of record in the case.  The court removed the case from docket call and cancelled all scheduling deadlines. Speaking directly to Plaintiffs, the court warned that, if no lawyer substituted in within sixty days, the court would rule on Defendant's pending motion to dismiss and Plaintiffs' failure to meet the deadline would inform the court that they were no longer pursuing the action.

## II.  Legal Standard

The federal rules empower a district court to dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b); see also Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998). Dismissal for failure to prosecute may be upon motion of the defendant or sua sponte.  Berry v. Cigna/RSI-Cigna, 975 F.2d 1188, 1190 (5th Cir. 1992).  The court's authority is derived from the

court's power to manage its own docket "to ensure the orderly and expeditious disposition of cases." Id. at 1191 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

Because it is an extreme sanction, dismissal with prejudice is reserved for cases in which "there is a clear record of delay or contumacious conduct by the plaintiff" and "lesser sanctions would not prompt diligent prosecution" or have been attempted without success. Berry, 975 F.2d at 1191. At least one of the following aggravating factors is usually also present: 1) the defendant was actually prejudiced; 2) the plaintiff is the source of delay, not his attorney; and 3) the delay was intentional. Id.

### III. Analysis

Since the January hearing, the court record in this case has fallen silent. No attorney has made an appearance. Plaintiffs have filed no motions for court action or reports on their efforts. Combined with the significant period of total inactivity prior to the hearing, Plaintiffs' failure to comply with the court's recent orders certainly provides a clear record of delay since this lawsuit was filed in December 2005. Cf. Morris v. Ocean Sys., 730 F.2d 248, 252 (5th Cir. 1984).

Because Plaintiffs' counsel failed to participate in discovery for an extended period and failed to update the court with contact information and because Plaintiffs themselves failed to hire new counsel for more than sixty days in violation of the court's order,

6

the court finds that dismissal of this action with prejudice is warranted under Federal Rule of Civil Procedure 41. The court provided Plaintiffs with an opportunity to revitalize their lawsuit, but they failed to do so. No less severe sanction is appropriate here, where Plaintiffs have disappeared from the lawsuit, completely ignoring the court's warning of impending sanctions.

### IV. Conclusion

Based on the foregoing, the court **GRANTS** Defendant's Motion to Dismiss. Plaintiffs' case against Defendant is **DISMISSED WITH PREJUDICE** for want of prosecution.

Therefore, it is hereby **ADJUDGED** that Plaintiffs take nothing against Defendant.

All relief not granted herein is **DENIED**.

**THIS IS A FINAL JUDGMENT.**

The Clerk will provide a copy of this judgment to all counsel and parties.

**SIGNED** this 26th day of March, 2007, in Houston, Texas.

Nancy K. Johnson
United States Magistrate Judge