IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICKY RAYMOND, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-05-4149 |
| | § | |
| UNIVERSITY OF HOUSTON | § | |
| Defendant. | § | |

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM AND BRIEF IN SUPPORT OF PLAINTIFF'S OPPOSED MOTION FOR JURY TRIAL

TO THE HONORABLE NANCY K. JOHNSON, UNITED STATES MAGISTRATE JUDGE:

COMES NOW, Plaintiff, Virginia Lara, who files this Supplemental Memorandum and Brief in Support of Plaintiff's Opposed Motion for Jury Trial on all issues pursuant to FED. R. CIV. P. 39(b), and respectfully shows the Court as follows:

## I.   INTRODUCTION

In a hearing conducted January 8, 2010, the Court requested supplemental briefing from the parties regarding Plaintiff's pending request for a jury trial brought pursuant to FED. R. CIV. P. 39(b). This briefing is submitted pursuant to the Court's request. Plaintiff renews her request for a jury trial, and does so for both liability and damages issues.

## II.   ARGUMENT AND AUTHORITIES

Plaintiff brought suit, in part, under the provisions of 29 U.S.C. § 794. The Court ruled that Plaintiff's other claims should be dismissed with prejudice, but Plaintiff's § 794 claim remains. The remedies, procedures and rights of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq., are available to a § 794 claimant. *See* 29 U.S.C. § 794a(a)(2). While there can be no dispute

that generally, a Title VI claimant is entitled to a trial by jury if one is appropriately requested, whether compensatory damages are available in Title VI cases, and thus, by extension, are proper for jury consideration, is a more open question.  Simply stated, there is a split in authority as to whether compensatory damages are available under Title VI.  Compare *Gilliam v. City of Omaha*, 388 F. Supp. 842 (D. Neb. 1975), aff'd (without discussion of damages) 524 F.2d 1013 (8th Cir. 1975), and *Flanagan v. President and Directors of Georgetown College*, 417 F. Supp. 377 (D.D.C. 1976), allowing damage suits, with *Concerned Tenants Association v. Indian Trails Apartments*, 496 F. Supp. 522 (N.D. Ill. 1980), and *Rendon v. Utah State Department of Employment Security*, 454 F. Supp. 534 (D. Utah 1978), rejecting damages under Title VI.

It is beyond dispute that § 504 permits both injunctive and declaratory relief, *Guardians Ass'n v. Civil Service Comm'n of New York*, 463 U.S. 582 (1983), as well as monetary awards in the form of back pay.  *Consolidated Rail Corp. v. Darrone*, 465 U.S. 624, 631 (1984).  But as the Fifth Circuit has stated, the courts are "badly divided" on the issue of compensatory damages in § 504 claims. *Shinault v. Am. Airlines*, 936 F.2d 796, 803 (5th Cir. Miss. 1991), comparing the following cases: *Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1107 (9th Cir. 1987) (damages allowed); *Miener v. Missouri*, 673 F.2d 969, 977-79 (8th Cir.), *cert. denied*, 459 U.S. 909 (1982) (damages allowed); *Marshburn v. Postmaster General of the United States*, 678 F. Supp. 1182, 1184 (D.Md.1988) (no damages allowed); *Ruth Anne M. v. Alvin Indep. School Dist*., 532 F. Supp. 460, 473 (S.D. Tex. 1982) (no damages allowed).

At trial, Plaintiff seeks a determination of compensatory damages from a jury resulting from her inability, at the hands of Defendant's unlawful discrimination against her, to obtain a PhD. Plaintiff pled for compensatory damages in her Original Complaint.  *See* Docket Entry No. 1, page

2

11, ¶ D.  Thus, Defendant cannot claim unfair surprise that Plaintiff would seek a jury determination of the same.

Additionally, no controlling authority in the Fifth Circuit, or any other circuit, denies Plaintiff's efforts in this regard.  True, Plaintiff concedes no controlling authority permits them, either.  However, favoring Plaintiff's efforts is this:  back pay damages are clearly permitted under § 504.  Hopefully, Defendant does not seriously argue that back pay damages in discrimination cases lie outside the province of a jury.  Indeed, juries consider back pay damages frequently in discrimination cases.  Moreover, under the facts of this particular case, Plaintiff has sustained a measurable, financial loss, to wit:  a loss of both past income and past tuition.  Such losses, if compensated at trial by the fact finder, are quite akin to a back pay damage award.  It is of no logical consequence that Plaintiff was not employed by Defendant as in the typical back pay scenario, for surely it can be agreed that without a PhD, Plaintiff generally cannot earn as much money in her chosen field as those who do possess PhD's.

Importantly, Plaintiff will offer specific evidence of economic and compensable loss at trial in this regard.  As Defendant is aware, Plaintiff is employed as a contract social worker for Harris County.  Plaintiff will provide evidence that Harris County would pay her more to do the same job she currently does for the county if she simply possessed a PhD.  That she cannot earn more now is a direct result of Defendant's discriminatory conduct in this case.

Not only is Plaintiff paid less now than she would be paid if she held a PhD, in support of compensatory award for mental anguish damages, she is presently deprived of the professional prestige that a PhD brings.  Further, Plaintiff is also essentially robbed of the years of sweat equity she applied toward her PhD.  And of course, there is the matter of the thousands of dollars in tuition

3

payments paid directly by Plaintiff to Defendant's coffers for which she has essentially received no

benefit to date.  Tuition damages are compensable in a § 504 claim.  *David H. v. Spring Branch*

*Indep. School Dist.*, 569 F. Supp. 1324, 1331 (S.D.Tex. 1983) (holding that damages in the form of

reimbursement of private school tuition are similar to back pay awards and are recoverable in a § 504

case by a student discriminated against by a public school).

Surely the Defendant can appreciate the economic and professional benefits which a PhD

brings to its holder in terms of financial gain, or in this case, financial loss.  After all, to posit that

Plaintiff has not suffered *any* compensable loss, either in the past, or in the future, caused by an

unlawful denial of the PhD she worked for years to obtain, simply flies in the face of common,

professional, and economic sense.  Put differently, it would be an absurdity for Defendant to

announce to its doctoral candidates that the PhD they seek is of no economic or professional benefit

to them.  Why else then would Defendant erect even those lawful barriers to obtaining a PhD?

Clearly then, on these facts, Plaintiff can establish that she has sustained a direct, appreciable,

calculable and compensable loss.  The particular fact scenario of this case must be emphasized.  This

case involves accommodations toward obtaining an advanced degree.  It does not, as many § 504

cases have dealt with, involve equal and nondiscriminatory access to airlines, railroads or some form

of public transit to further the purposes of the statute.  The question returns then to whether the

statute permits, and by extension, whether the case law permits, recovery of such damages or not.

Plaintiff's counsel is not so bold as to urge that the issue is open and shut so completely in Plaintiff's

favor that the Court has no discretion to rule otherwise.  However, it must be noted that Plaintiff is

not asking the Court to upend either a federal statute or any controlling authority with her request

that a jury simply be permitted to consider her full measure of damages.  Nor is Plaintiff seeking

4

some illogical outcome. Moreover, there is no loss of judicial economy to the Court or unfair surprise to the Defendant with a jury deliberation on damages for tuition back pay, attorney's fees, or loss of income. This is particularly the case should a jury consider the liability issues in this case, which the Court seemed to indicate *was* appropriate at the January 8 hearing.

At trial, Defendant must concede that Plaintiff followed the procedure outlined in its handbook for students seeking accommodations. Defendant must further concede that its employee, Dr. Epstein, omitted the requested accommodation of handwriting the examinations. There is not only enough evidence on the issue of reasonable accommodations to create a fact issue, that evidence is prominent and abundant. The same can easily be said for the damages at issue. Plaintiff should at least have the benefit of a jury to consider the compensable consequences of Defendant's conduct.

Under a § 504 remedy analysis, Plaintiff is almost certainly permitted to recover Plaintiff will describe, for lack of a better term, as "tuition backpay." *David H. v. Spring Branch Indep. School Dist.*, 569 F. Supp. 1324, 1331 (S.D.Tex. 1983); *State of Hawaii v. Katherine D.*, 531 F. Supp. 517, 529 (D. Haw. 1982); *Gregg B. v. Bd. of Ed. of Lawrence School Dist.*, 535 F. Supp. 1333, 1340 (E.D.N.Y. 1982). Plaintiff would further submit, as jury issues, the amount and appropriateness of her past and future loss of income caused by Defendant's discrimination, and the mental anguish which reasonably accompanied it. Based upon the undersigned counsel's review of this case, there does not appear to be any facts supporting a submission for punitive damages, and thus, no such reaching will be sought at trial.

As Plaintiff has previously noted, in the Fifth Circuit, district courts are directed to grant a jury trial in the absence of "strong and compelling reasons to the contrary." *Daniel Int'l v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). Surely the mere existence of a split

among the federal circuits on a particular legal issue is not the strong and compelling reason contemplated by the Fifth Circuit when weighing the appropriateness of a jury trial in a § 504 claim. In this case, there simply are no persuasive or compelling reasons to deny Plaintiff's request for a jury to consider either her liability or her damages case.

WHEREAS, ABOVE PREMISES CONSIDERED, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Jury Trial on all issues, both liability and damages, under the provisions of FED. R. CIV. P. 39(b), and to all other relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

**TERRY & THWEATT, P.C.**

By: /s/ L. Lee Thweatt
L. Lee Thweatt
Texas Bar No. 24008160
Federal I.D. No. 36618
Joseph D. Terry
Texas Bar No.  24013618
Federal I.D. No. 24206
One Greenway Plaza, Suite 100
Houston, Texas  77046-0102
(713) 600-4710 Telephone
(713) 600-4706 Telecopier
lthweatt@terrythweatt.com
jterry@terrythweatt.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this document was served upon all counsel of record via the Court's electronic filing system on January 10, 2010.

By: /s/ L. Lee Thweatt

6