**ATTORNEY GENERAL OF TEXAS**

GREG ABBOTT

---

**DARREN G. GIBSON**  
Assistant Attorney General  
General Litigation Division

PHONE:   (512) 463-2120  
FAX:     (512) 320-0667  
EMAIL: Darren.Gibson@oag.state.tx.us

January 27, 2010

**VIA ECF SYSTEM**

Hon. Nancy K. Johnson  
Magistrate Judge  
United States District Court, Southern District of Texas  
515 Rusk Avenue  
Houston, TX 77002

Re:   *Raymond, et al., v. University of Houston*; Civ. An. No. H-05-4149

Dear Judge Johnson:

      We write in response to the questions you posed to counsel during the bench trial of Plaintiff Virginia Lara's claim under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"). In particular, you requested that counsel for the parties provide the Court with legal authority regarding when a requested accommodation is waived due to the failure of the person with a qualifying disability to ensure that the granted accommodation is actually provided. Alternatively, you also asked that we provide authority regarding if and when a granted accommodation becomes illusory if the person with a qualifying disability is required to repeatedly request that the accommodation be provided. In essence, the issue is what legal burden is placed on the qualifying individual to request and ensure that accommodations are provided.

      As an initial matter, the accommodation provisions of the Rehabilitation Act do not require public entities to "guess" an individual's need for an accommodation. *See Lawrence v. National Westminster Bank New Jersey*, 98 F.3d 61, 69 (3d Cir. 1996) (stating that a defendant is not "expected to accommodate disabilities of which it is unaware"); *Hedberg v. Indiana Bell Telephone Co., Inc.*, 47 F.3d 928, 934 (7th Cir. 1995) (stating that the "ADA does not require clairvoyance"). Rather, the general rule is that a plaintiff must show "that the [defendant] knew not only of the [individual's] disability, but also of the physical or mental limitations resulting therefrom." *Seaman v. CPSH, Inc.*, 179 F.3d 297, 300 (5th Cir. 1999) (applying the ADA); *see also Gammage v. West Jasper School Bd.*, 179 F.3d 952, 954 (5th Cir. 1999). A disabled person's failure to expressly "request" an accommodation, however, is not fatal where the defendant otherwise had knowledge of an individual's disability and needs, but took no action. *See, e.g., Taylor v. Principal Financial Group, Inc.*, 93 F.3d 155, 165 (5th Cir. 1996) (noting that the disabled individual's burden to request an accommodation applies "[w]here the disability,

resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent").

      We were unable to find specific cases in the academic setting applying these standards to determine the burden placed on the qualifying individual to request and ensure that accommodations are provided. In the employment context, however, it is clear that both the employee and employer are required to engage in an "interactive process" to ensure that the necessary accommodations are provided. "Once an employee makes [an accommodation] request, however, the employer is obligated by law to engage in an 'interactive process': 'a meaningful dialogue with the employee to find the best means of accommodating that disability.'" *E.E.O.C. v. Chevron Phillips Chemical Co.*, LP, 570 F.3d 606, 621 (5th Cir. 2009) (quoting *Tobin v. Liberty Mut. Ins. Co.*, 433 F.3d 100, 108 (1st Cir. 2005)); *see also* 29 C.F.R. pt. 1630, App., § 1603.9. Thus, when an employee fails to engage in this process, the employer is not liable for failing to provide an accommodation. *See E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 471-72 (5th Cir. 2009) (affirming summary judgment where employee failed to request accommodations previously provided). Indeed, the Fifth Circuit requires employees to "vocalize [their] concerns" regarding their requested accommodations to give the employer "a chance to correct [the] misperception that further discussion was futile." *Loulseged v. Akzo Nobel Inc.*, 178 F.3d 731, 740 (5th Cir. 1999).

      Here, it was Plaintiff Lara who failed to engage sufficiently in the interactive process. Even assuming it is true that she was told that Dr. Epstein denied her accommodation, she had agreed to request assistance from the CSD should any accommodation be unavailable or denied. Yet, once she was supposedly told that her request to handwrite her closed-book sections of the exam was denied, she never "vocalized her concerns" nor did she give the University "a chance to correct her misperception that discussion was futile." *See Loulseged*, 178 F.3d at 740 (affirming judgment as a matter of law for defendant where plaintiff failed to effectively engage in process); *Roberts v. Mega Life and Health Ins. Co.*, 2005 WL 659026, at *4 (N.D. Tex. Mar. 22, 2005) (granting summary judgment for defendant where plaintiff failed to continue discussions after being denied "precise accommodation" requested). Thus, Plaintiff Lara failed to sufficiently engage in the interactive process in violation of both the agreed-upon policies of the CSD and her burden under applicable law.

      We also take this opportunity to raise with the Court what we believe to be a more fundamental issue in this case – Plaintiff Lara's failure to state a *prima facie* Section 504 claim given the undisputed facts in this case. Section 504 states that "[n]o otherwise qualified individual with a disability ... shall, *solely by reason of her or his disability*, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under" any covered program or activity. 28 U.S.C. § 794(a) (emphasis added). To establish a Section 504 claim in connection with an academic dismissal, a plaintiff is "obligated to show that she (1) has a disability; (2) is otherwise qualified to participate in the [academic] program; and (3) was denied the benefits of the program or was otherwise subject to discrimination because of her disability." *Millington v. Temple University School of Dentistry*, 261 Fed. Appx. 363, 365 (3d Cir. 2008) (citing 42 U.S.C. § 12132); *see also Falcone v. University of Minnesota*, 388 F.3d 656, 659 (8th Cir. 2004); *Kaltenberger v. Ohio College of Podiatric Medicine*, 162 F.3d 432, 435 (6th Cir.

1998).  "An otherwise qualified person is one who is able to meet all of a program's requirements in spite of his handicap." *Southeastern Cmty. Coll. v. Davis*, 442 U.S. 397, 406, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979).

Here, Plaintiff Lara is not otherwise qualified to participate in the GCSW doctoral program.  It is undisputed that she did not need, nor did she request, any accommodations for her Integrative take-home section either in 2002 or 2003.  Moreover, it is undisputed that she failed the Integrative take-home section of her comprehensive examination twice, first in 2002 and again in 2003.  Yet, Plaintiff Lara was required to pass all four sections of the comprehensive exam upon her second try.  Her second failure of the Integrative section was, by itself, sufficient to justify her dismissal from the GCSW doctoral program, even if she had handwritten *and presumably passed* the closed book Policy section.  Because Plaintiff Lara is not "otherwise qualified to participate" in the GCSW doctoral program, her Section 504 claim fails as a matter of law.  *See Millington*, 261 Fed. Appx. at 367 ("Millington did not show that she is an otherwise qualified individual with a disability. As the District Court concluded, the undisputed evidence in the record shows that Temple dismissed Millington not because of discrimination on the basis of any disability but because of Millington's failure to meet Temple's academic requirements."); *Powell v. National Bd. of Medical Examiners*, 364 F.3d 79, 87 (2d Cir. 2004) ("[plaintiff] failed to carry her burden to demonstrate she was otherwise qualified, as she needed to in order to establish her prima facie case and move forward to trial.").

Similarly, Section 504 requires that a denial of benefit be due "solely" by reason of a disability – there is no "mixed motive" analysis under the Rehabilitation Act.  *See Soledad v. U.S. Dept. of Treas.*, 304 F.3d 500, 505 (5th Cir. 2002) ("Liability [under Section 504] can only be found when the discrimination was 'solely by reason of his or her disability' not when it is simply a 'motivating factor.'").  Thus, even if there were sufficient evidence to conclude that the University intentionally denied *one of* Plaintiff Lara's requested accommodations *while providing every other accommodation requested* (which there is not), Plaintiff Lara would still have no Section 504 claim, because she was denied the benefit of the doctoral program (at least in part) due to her failing the Integrative section twice, which had absolutely no connection to her disability or her requested accommodation.  *See Herzog v. Loyola College in Maryland, Inc.*, 2009 WL 3271246, at *9 (D. Md. Oct. 9, 2009) (granting summary judgment on ADA claim by dismissed doctoral student where dismissal was based on legitimate, non-discriminatory reasons).

Moreover, even if Plaintiff Lara was otherwise qualified and was dismissed solely due to her disability, she has still failed to prove that her requested accommodation to handwrite the Policy section would render her qualified for the GCSW doctoral program.  The Eight Circuit's decision in *Falcone v. University of Minnesota*, 388 F.3d 656 (8th Cir. 2004), is instructive.  In that case, the plaintiff asserted a Rehabilitation Act claim in connection with his dismissal from medical school because "he did not receive one of the agreed accommodations" – access to weekly, regularly scheduled feedback from each instructor  *Id.* at 660 ("the parties agreed on the accommodations to be provided, but Falcone argues they were imperfectly delivered.").  As the *Falcone* court recognized, "The University was not required to tailor a program in which Falcone could graduate with a medical degree without establishing the ability to care for patients." *Id.* at

Hon. Nancy K. Johnson
January 27, 2010
Page 4 of 4

659-60.  In situations where it is undisputed that the plaintiff is not qualified to remain in an academic program without accommodations, the plaintiff "bears the burden to establish that reasonable accommodations for his disability would render him qualified for the [academic] program."  *Id.* at 660 (quotations omitted).  Thus, "even if there is a genuine issue of fact dispute over whether the feedback accommodation was perfectly implemented, Falcone must still show that, if it had been perfectly implemented, he would have passed the clinical courses he failed."  *Id.*  The Eighth Circuit affirmed dismissal of Falcone's Section 504 claim because he "failed to present evidence showing that more feedback or better delivery of any other agreed accommodation would have cured this deficiency."  *Id.* at 661.

Like the plaintiff in *Falcone*, Plaintiff Lara must prove that, if she had been able to handwrite the exam, she would have passed the Policy section.  However, she has not offered any evidence indicating that to be the case.  Rather, she testified in both her deposition and at trial that she is unsure whether her answers would have been any different.  Moreover, she failed to present any evidence that, had she handwritten the Policy section, she would have addressed the concerns of the graders and passed that section.  In fact, when she took the exam in 2002 without any request or need for accommodation, she failed the same sections (and two more), and the comments by the graders explaining her deficiencies were remarkably similar to those justifying the reasons for her failing in 2003.

In conclusion, Plaintiff Lara failed to fulfill her obligation to engage in the interactive process to ensure that her accommodation was provided.  Moreover, she is not entitled to any relief as a matter of law, because she is not otherwise qualified to continue in the doctoral program.  There is no basis to conclude that she was discriminated against *solely* as a result of her alleged disability.

        Very truly yours,

        /s/
        Darren G. Gibson
        Assistant Attorney General


cc:     L. Lee Thweatt, Esq., Plaintiff's Counsel (via ECF filing)